IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD A. SMITH, | CASE NO. 1:22-CV-00007 |
| Petitioner, | JUDGE J. PHILIP CALABRESE |
| vs. | |
| WARDEN LEON HILL, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **ORDER** |

Petitioner Edward A. Smith ("Petitioner") filed a pro se Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on December 26, 2021, relating to his 1988 aggravated murder conviction.[1]  (ECF Doc. 1.)   Petitioner was subsequently granted leave to amend his Petition on May 16, 2023.  (ECF Doc. 13; ECF Doc. 17, p. 8 ("Amended Petition").)

Pending before this Court is Mr. Smith's "Motion for Leave of Court to Amend or Supplement Writ" pursuant to Fed. R. Civ. P. 15(a) & 15(b).  (ECF Doc. 31 ("Motion").) Respondent filed an opposition (ECF Doc. 32) and Petitioner has filed a reply (ECF Doc. 34).[2]

---

[1]  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  The Petition was docketed on January 3, 2022.  (ECF Doc. 1.)

[2] Petitioner's reply is captioned "rebuttal."  (ECF Doc. 34.)

1

For the reasons set forth below, the Court **DENIES** Petitioner's Motion to the extent he seeks to supplement the Amended Petition to add a new ground for relief. However, to the extent he seeks to offer further support for the four grounds for relief raised in the Amended Petition, the Court will consider the arguments in the Motion as a supplement to the Traverse.

## I. Procedural Background

Mr. Smith raised two grounds for relief in the Petition he filed on December 26, 2021. (ECF Doc. 1, pp. 5-7.) The case was referred to the undersigned on June 3, 2022, and a briefing order was issued on June 7, 2022. (ECF Doc. 4.) On August 3, 2022, Respondent filed a motion to transfer the case to the Sixth Circuit for authorization to consider a second or successive petition, arguing the petition was Mr. Smith's second petition relating to his conviction and the claims raised were successive within the meaning of § 2244(b)(2). (ECF Doc. 7.) The Court transferred the action to the Sixth Circuit on August 4, 2022, finding there was no indication that Petitioner had "sought and obtained authorization from the Sixth Circuit to file a second or successive petition challenging the convictions at issue." (ECF Doc. 8.)

On January 19, 2023, the Sixth Circuit found Mr. Smith's "petition [was] not 'second or successive' as that term is used in § 2244, and the district court should review it in the first instance." (ECF Doc. 10, p. 3.) In its order transferring the Petition to this Court, the Sixth Circuit recounted proceedings in the state and federal court that preceded the filing on Mr. Smith's pending Petition. The court explained:

> In 1988, Smith pleaded guilty to aggravated murder and was sentenced to 20 years to life in prison. Smith did not move for leave to file a delayed appeal until 1999, and the Ohio Court of Appeals denied his motion. In 2014, the trial court issued a journal entry in Smith's case giving notice to the Ohio Adult Parole Board that it opposed any reduction or modification of his sentence. Smith then moved to withdraw his guilty plea, arguing that the trial court breached its agreement to not oppose parole. *See State v. Smith*, No. 104263, 2017 WL 1179934, at *1 (Ohio Ct.

> App. Mar. 30, 2017). The trial court denied the motion, and the Ohio Court of Appeals affirmed. *Id*., at *4.
>
> In February 2018, Smith moved to vacate his sentence in state court, and the trial court denied the motion. But the Ohio Court of Appeals reversed and vacated his sentence, holding that his 20-years-to-life sentence contravened the relevant statute, which required a sentence of life with the possibility of parole after 20 years. *State v. Smith*, 131 N.E.3d 321, 325, 327 (Ohio Ct. App. 2019). Smith then moved in the trial court to withdraw his guilty plea.
>
> The trial court appointed counsel for Smith and conducted a full resentencing, holding a hearing at which Smith was present and had the opportunity to allocute, and it sentenced him to life in prison with parole eligibility after 20 years and denied his motion to withdraw. Smith appealed, and the Ohio Court of Appeals affirmed his new sentence and held that res judicata barred his attempt to withdraw his plea. *State v. Smith*, No. 108727, 2020 WL 4013371 (Ohio Ct. App. July 16, 2020). The Supreme Court of Ohio declined to accept jurisdiction of Smith's appeal.
>
> Meanwhile, in April 2018, before his resentencing, Smith filed his first § 2254 petition, claiming that he was denied due process and equal protection when the trial court effectively removed his eligibility for parole in 2014 contrary to his plea agreement, and that he received ineffective assistance of counsel on direct appeal. In 2020, a magistrate judge recommended denying or dismissing his claims. *Smith v. Eppinger*, No. 1:18-cv-01041, 2020 WL 8617540 (N.D. Ohio Apr. 7, 2020). Smith failed to object to the magistrate judge's recommendation, and the district court adopted the recommendation and denied his petition. *Smith v. Eppinger*, No. 1:18-cv-01041, 2021 WL 681430, at *1 (N.D. Ohio Feb. 22, 2021).
>
> In 2022, Smith again petitioned under § 2254, claiming that he was denied equal protection when the state courts barred his motion to withdraw his guilty plea under res judicata principles and that the appellate court's refusal to void the trial court orders prior to his resentencing constituted double jeopardy. The district court granted the State's motion to transfer his petition to this court under *In re Sims*, 111 F.3d 45 (6th Cir. 1997) (per curiam), holding that it was a second or successive § 2254 petition that required our authorization. Smith then filed a corrected motion for authorization to file a second or successive petition, reiterating his double-jeopardy claim and adding claims of ineffective assistance of trial and appellate counsel for failing to contest the state court's jurisdiction and for advising him to plead guilty.

(*Id*. at pp. 1-2.) Following the Sixth Circuit's transfer order, Mr. Smith filed a motion for leave to amend his Petition on February 21, 2023, seeking to raise the following four grounds for relief:

3

> **Pleading One**: The Petitioner was denied due process, and equal protection under the law by the ineffective assistance of trial counsel who advised the juvenile petitioner to plead guilty in a court of law that lacked subject matter jurisdiction.
>
> **Pleading Two**: The petitioner was denied due process, and equal protection under the law by ineffective assistance of appellate counsel, who failed to brief "arrest of judgment" that was timely filed in trial court by petitioner alleging the trial court's lack of subject matter jurisdiction.
>
> **Pleading Three**: The petitioner was denied due process, and equal protection under the law by ineffective assistance of appellate counsel who failed to file appellate brief of errors claimed by petitioner in communication with counsel prior to filing of appellate brief. (claim filed in CA 108727 on December 2, 2019 in motion to remove appellate counsel for failing to brief errors, and to have effective counsel appointed.)
>
> **Pleading Four**: The petitioner was subject to double jeopardy by the Eighth District Court of Appeals Cuyahoga County, Ohio in Case No. 106893 where the sentence was vacated as illegal, but none of the rulings connected to that illegal sentence were vacated; which later led to res judicata ruling in the Eighth District Court of Appeals Case No. 108727.
>
> The court's failure to correct the record in Case No. 106893 did subject the petitioner to double jeopardy in CA 108727 at (¶ 14) where the faulty record reflects that in 2015 petition filed a motion to withdraw a guilty plea from the 1988 conviction and sentence.
>
> At (¶ 7) of CA 108727 the record states on appeal, the panel agreed with the petitioner, vacated the sentence (¶9) on January 17, 2019. The legal judgment in CA 106893 cannot connect to the illegal judgment in CR 226041 (July 1985) as no legal judgment can connect to an illegal judgment. Therefore CA 108727 did subject the petitioner to double jeopardy by claiming CA 106893 to be valid, and dismissing CA 108727 as res judicata.

(ECF Doc. 13.) On May 16, 2023, over Respondent's objection (ECF Doc. 15), the Court granted Petitioner's request to amend his Petition to assert the above four grounds for relief and ordered briefing on the Amended Petition (ECF Doc. 17).

Pursuant to the Court's May 16, 2023 briefing order, Respondent filed his Return of Writ in response to the Amended Petition on July 14, 2023. (ECF Doc. 19.) Petitioner then filed: (1) a motion to supplement on August 15, 2023, seeking to supplement the record with copies of

4

records from his juvenile court proceedings (ECF Doc. 21); (2) a Traverse on October 31, 2023 (ECF Doc. 23); (3) a motion to furnish exhibits on October 31, 2023 (ECF Doc. 24); and (4) a motion for counsel on October 31, 2023 (ECF Doc. 25). On January 31, 2024, following briefing by the parties, the Court granted Petitioner's motion to supplement and denied Petitioner's motions to furnish exhibits and for counsel. (ECF Doc. 30.) Six months later, on July 24, 2024, Petitioner filed the pending Motion. (ECF Doc. 31.)

## II. Law & Analysis

### A. Law Governing Amendments to Habeas Petitions

"Amendment of a petition for habeas corpus is governed by the 'rules of procedure applicable to civil actions.'" *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) (citing 28 U.S.C. § 2242); *see also* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 12 (stating Federal Rules of Civil Procedure may be applied in a habeas proceeding to the extent not inconsistent with statutory provisions or the Rules Governing Habeas Cases Under 2254).

Federal Rule of Civil Procedure 15 provides the circumstances under which pleadings may be amended before trial. *See* Fed. R. Civ. P. 15(a). Rule 15(a) provides that:

(1) A party may amend its pleading once as a matter of course within:

   (A) 21 days after serving it, or

   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed R. Civ. P. 15(a)(1)(A)-(B) (emphasis added). A party who does not have a right to amend as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

5

There are several factors that courts consider when determining whether leave to amend under Rule 15(a) should be granted, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.* at 341–42.

Rule 15 also addresses the circumstances under which pleadings may be amended during or after trial. *See* Fed. R. Civ. P. 15(b). Rule 15(b)(1) provides:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Fed. R. Civ. P. 15(b)(1). Rule 15(b)(2) further provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

**B.     Petitioner's Motion for Leave to Amend or Supplement**

Mr. Smith seeks leave of court under Rule 15(a) and Rule 15(b) of the Federal Rules of Civil Procedure "to supplement or amend the pleadings to conform to the evidence contained in the juvenile record that was supplemented in this case as (Document 21) and it was unopposed by the Respondent." (ECF Doc. 31, p. 1 (emphasis in original).) He contends that the records show that "[t]he juvenile court failed to transfer the subject matter jurisdiction of this case to the

6

court of common pleas," and he requests that the Court "allow the amendment of lack of subject matter jurisdiction be added to [his] writ" (*id.* at p. 2, *see also id.* at p. 6 (requesting he be allowed to amend his Petition to assert that he "is being unlawfully confined in state prison by an order from a court that lacked subject matter jurisdiction").

Although Mr. Smith "indicates that he seeks leave to supplement or amend the pleadings to conform to the evidence . . . that was supplemented in this case in document 21," Respondent argues in response that "it does not appear that [Mr. Smith] seeks to raise any new grounds for relief." (ECF Doc. 32, p. 2.) Nevertheless, Respondent does not consent to the amendment (*id.*) and argues that the Motion should be denied because: the proposed amendment would be time-barred and futile; Respondent would be substantially prejudiced by the amendment; and Mr. Smith has not explained his delay in seeking the amendment (ECF Doc. 32).

As an initial matter, the Court does not agree with Respondent that Mr. Smith is not raising a new ground for relief. Mr. Smith's briefing suggests that he is seeking to add a new ground for relief that directly challenges the state trial court's subject matter jurisdiction. (ECF Doc. 31, pp. 1, 6.) Although the Amended Petition does include two grounds that challenge the failure of Mr. Smith's trial and appellate counsel to challenge the lack of subject matter jurisdiction, those existing grounds do not directly challenge the trial court's lack of jurisdiction (ECF Doc. 13). Thus, the Court concludes that the Motion does seek to add a new ground for relief that is not currently stated in the Amended Petition.

For the reasons explained below, the Court concludes that Mr. Smith's Motion, to the extent he is seeking to add a new ground for relief which directly challenges the state court's subject matter jurisdiction, should be denied under both Rule 15(a) and Rule 15(b).

### 1. Amendment Under Rule 15(a) is Not Warranted

When a party is not entitled to amend as a matter of course under Fed. R. Civ. P. 15(a)(1), the party must have the opposing party's consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2). Mr. Smith does not contend that he has the right to amend as a matter of course, and Respondent has not consented to Petitioner's request. (ECF Doc. 32, p. 2.) Thus, the Court must determine whether it should grant Petitioner's request to amend his Petition for a second time.

While "[t]he court should freely give leave when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), the factors that courts should consider when determining whether leave to amend under Rule 15(a) is appropriate include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *See Coe*, 161 F.3d at 341. For the reasons set forth below, the Court finds that Petitioner has unduly delayed in seeking to amend his Petition for a second time, and further finds that allowing a second amendment would be unduly prejudicial to Respondent.[3]

A review of the underlying record demonstrates that Mr. Smith unduly delayed in filing the present Motion, and did so in a manner that will prejudice Respondent. The Court granted Mr. Smith's first motion to amend the Petition in May 2023, and set a briefing schedule. (ECF Doc. 17.) The Amended Petition asserted two grounds for relief that were premised on the trial court's alleged lack of subject matter jurisdiction at the time of the guilty plea. (ECF Doc. 13.) Respondent filed his Return of Writ in response to the Amended Petition on July 14, 2023 (ECF Doc. 19) and Mr. Smith filed his Traverse on October 31, 2023 (ECF Doc. 23). Mr. Smith also moved to supplement the record to include the relevant juvenile court records on August 15,

---

[3] In light of this determination, the Court finds it is not necessary to address Respondent's arguments that the proposed amendment would be time-barred and futile.

2023, attaching the relevant records (ECF Doc. 21, 21-1), and the Court granted the request on January 31, 2024 (ECF Doc. 30).

This timeline reveals that Mr. Smith—despite express knowledge of the alleged subject matter jurisdiction deficiencies when he filed his first motion for leave to amend in February 2023 (ECF Doc. 13) and possession of the relevant juvenile court records when he filed his motion to supplement the record in August 2023 (ECF Doc. 21)—delayed seventeen months from his first motion to amend, a year from Respondent's Return of Writ, eleven months from his clear possession of the relevant juvenile court records, and eight months from the filing of his own Traverse before seeking leave to add a new ground for relief that appears to have the same legal basis as two new grounds for relief that were added with leave of court in May 2023.

Petitioner has not explained his delay in seeking to add the new ground for relief contemplated in the Motion. Nor has he explained why he did not seek to add the new ground when he filed his first motion to amend in February 2023. (ECF Doc. 13.) Two of the four grounds for relief asserted in the Amended Petition allege ineffective assistance of counsel based on a failure to raise or assert that the trial court lacked subject matter jurisdiction. (*Id.*) In that context, Mr. Smith cannot reasonably argue that he could not foresee the need to assert a direct challenge to the trial court's subject matter jurisdiction at that same time. Certainly, Mr. Smith has not offered an argument to justify the delay.

Based on the foregoing, the Court finds Petitioner had ample opportunity to raise the claim he now seeks to add when he filed his first motion to amend the Petition in February 2023, and that he unduly delayed in seeking to amend his Petition for a second time. Further, the Court finds that the delay will result in prejudice to Respondent. Between the first and second motions to amend, Respondent filed a lengthy Return of Writ addressing each of the four existing

grounds (ECF Doc. 19) and Mr. Smith filed a detailed Traverse in response (ECF Doc. 23). The Court also ruled on numerous motions from Mr. Smith relating to the state court records. (ECF Doc. 30.) If the Court were to grant the present Motion, Respondent would be required to supplement his Return of Writ to address a new claim for relief that was added more than a year after the initial Return of Writ was filed. This would prejudice Respondent and result in further delay of the instant proceedings. *See, e.g., Dennard v. Haviland*, No. 1:17CV1773, 2018 WL 6169209, at *6 (N.D. Ohio Nov. 26, 2018) (finding amendment of petition would prejudice the respondent and unduly delay proceedings when it would require the respondent to file an amended return of writ around a year after the first return of writ was filed).

For the reasons set forth above, the Court **DENIES** Petitioner's motion to amend or supplement the Amended Petition under Rule 15(a).[4]

### 2. Amendment Under Rule 15(b) Not Warranted

The Court finds that amendment under Rule 15(b) is also not warranted. Rule 15(b) pertains to amendments during and after trial and there has been no trial in this case. Rule 15(b)(2) provides that "[a] party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue" and applies when "an issue not raised by the pleadings is tried by the parties' express or implied consent." *See* Fed. R.

---

[4] Mr. Smith's additional contention that he should be allowed to amend his Petition for a second time because subject matter jurisdiction "can never be waived or forfeited and may be raised at any time," (ECF Doc. 31, p. 5; *see also* ECF Doc. 34, p. 1), does not alter this Court's determination. "[E]ven if 'a state court judgment may have been procured in violation of state or federal law [this] does not, however, render the judgment null' under AEDPA." *Young v. Harris*, No. 1:18CV00411, 2018 WL 6174199, at *9 (N.D. Ohio July 31, 2018)) (quoting *Frazier v. Moore,* 252 Fed. App'x 1, 5 (6th Cir. Oct. 17, 2007)), *report and recommendation adopted*, No. 1:18CV00411, 2018 WL 5603168 (N.D. Ohio Oct. 30, 2018); *see also Blair v. Warden, Ross Corr. Inst.*, No. 2:21-CV-5327, 2022 WL 2703964, at *2 (S.D. Ohio July 12, 2022) ("While lack of jurisdiction of the subject matter – here crimes committed by a juvenile without a valid bindover order – would render the judgment void, habeas corpus petitions raising lack of jurisdiction are subject to the same one-year statute as other habeas claims."), *report and recommendation adopted sub nom. Blair v. Cool*, No. 2:21-CV-5327, 2024 WL 2962799 (S.D. Ohio June 12, 2024).

Civ. P. 15(b). While Respondent did not oppose Petitioner's motion to supplement the record to include copies of the juvenile court records, Respondent has not consented to litigating the merits of Mr. Smith's new claim. (ECF Doc. 22, pp. 2-3; ECF Doc. 32, p. 2.) Notably, in granting Petitioner's request to supplement the record, the Court observed that it was not clear that the juvenile court records were necessary for resolution of the issues raised in this proceeding. (ECF Doc. 30, p. 5.) Thus, neither Respondent's lack of opposition to Mr. Smith's request to the supplement the record nor the Court's granting of that request supports granting Mr. Smith's request to amend his Petition to conform to the evidence.

Since there has been no trial in this case and no implied or express consent from Respondent to try issues that were not already raised by Mr. Smith in his Amended Petition, Mr. Smith has not demonstrated a basis under Rule 15(b) to allow amendment of his Petition to conform to the evidence and to add a new ground for relief.

Accordingly, the Court **DENIES** Petitioner's motion to amend or supplement the Amended Petition under Rule 15(a).

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Petitioner's Motion to the extent he seeks to supplement the Amended Petition to add a new ground for relief. However, to the extent he seeks to offer further support for the four grounds for relief raised in the Amended Petition, the Court will consider the arguments in the Motion as a supplement to the Traverse.

December 30, 2024

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE