UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD A. SMITH, | ) | Case No. 1:22-cv-00007 |
| Petitioner, | ) ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | Magistrate Judge Amanda M. Knapp |
| LEON HILL, Warden, | ) ) | |
| Respondent. | ) ) | |

**OPINION AND ORDER**

Petitioner Edward Smith filed a petition for a writ of habeas corpus. (ECF No. 1.) The petition was transferred to the Sixth Circuit then returned to the Court after the Sixth Circuit found that the petition was not a second or successive petition. (ECF No. 10.) In his original petition, Petitioner asserted the following grounds for relief: (1) denial of equal protection because the State court barred his motion to withdraw his guilty plea under principles of res judicata; and (2) a violation of double jeopardy based on the appellate court's refusal to void the State trial court's orders before his resentencing. (ECF No. 1, PageID # 5–7.)

When the case returned to the district court, Petitioner moved for leave to amend his pleading to add four grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel relating to a failure to argue that the State trial court lacked subject matter jurisdiction because of defects in the bindover proceeding from juvenile court; (3) ineffective assistance of appellate counsel for failing to raise certain issues; and (4) a double jeopardy violation that appears

duplicative of the second ground in his original petition. (ECF No. 13.) Over Respondent's objection, the Magistrate Judge granted the request and treated Petitioner's motion (ECF No. 13) as setting forth the operative grounds for relief (ECF No. 17, PageID #104). No party objected to this Order.

Respondent filed his return of writ (ECF No. 19), and Petitioner moved for an extension of time to file a reply (ECF No. 20). After the Magistrate Judge granted the extension, Petitioner moved to supplement the record and for the appointment of counsel. (ECF No. 21; ECF No. 24; ECF No. 25.) Specifically, Petitioner sought to include in the record: (1) excerpts from the record of his 1987 juvenile case (ECF No. 21-1); (2) excerpts from his appeal in State court (ECF Nos. 21-2; ECF No. 21-3; ECF No. 21-4; & ECF No. 21-5); and (3) various letters (ECF No. 24-1; ECF No. 24-2). In an order dated January 31, 2024 (ECF No. 30), the Magistrate Judge granted Petitioner's first motion to supplement (ECF No. 21), denied Petitioner's second motion to supplement (ECF No. 24), and denied Petitioner's motion for counsel (ECF No. 25).

Petitioner again moved for leave to amend or supplement his writ under Rule 15(a) and 15(b), requesting leave of court of court to file the memorandum "as an amendment to his petition." (ECF No. 31, PageID #1206.) The Magistrate Judge denied the motion, holding that, to the extent Petitioner seeks to add a new ground for relief challenging the state court's subject matter jurisdiction, the motion should be denied. (ECF No. 35, PageID #1127.) However, the Magistrate Judge noted that to the extent Petitioner seeks to offer further support for the grounds already raised,

2

the court will consider that evidence. (*Id.*, PageID #1231.) Petitioner objects to the Magistrate Judge's order. (ECF No. 38.)

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," with certain exceptions not relevant here. Under this statute, a judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Accordingly, an order of a magistrate judge does not receive de novo review, as does a report and recommendation made under 28 U.S.C. § 636(b)(1)(B). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)).

Petitioner objects to the Magistrate Judge's findings broadly, claiming that the Magistrate Judge "either made an erroneous finding of fact not supported by the juvenile record or applied an erroneous legal standard or improperly applied the law." (ECF No. 38, PageID #1235.) He claims that the juvenile court exceeded its authority and adjudicated his case when subject matter jurisdiction did not exist. (*Id.*, PageID #1239.) Petitioner argues that, because a court must first determine subject matter jurisdiction, the Court must determine the subject matter jurisdiction of the State trial court from 1987. (*Id.*) Arguably, this argument presents a due-process ground

for relief rather than an attack on the subject matter jurisdiction of the State trial court. After all, Petitioner maintains that he never received notice, attended a hearing, or had counsel before the bindover to common pleas court occurred. (ECF No. 38, PageID # 1237.) And he contends that he did not receive constitutional safeguards before the bindover proceeding. (*Id.*, PageID #1238.) Whether styled as a challenge to subject matter jurisdiction in the State courts or a violation of due process, amendment to add any such claim presenting that question directly (as opposed to doing so through ineffective assistance of counsel) is improper, as the Magistrate Judge recognized.

The Magistrate Judge held that the amendment was improper under Rule 15(a) and 15(b). (ECF No. 35, PageID #1227.) "Habeas Corpus Rule 11 permits application of the Federal Rules of Civil Procedure in habeas cases 'to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules.'" *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Rule 15 directs courts to give leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *Doe v. Michigan State Univ.*, 989 F.3d 418, 426 (6th Cir. 2021). Absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice, or futility, courts should freely grant leave to amend. *Doe v. College of Wooster*, 243 F. Supp. 3d 875, 884–85 (N.D. Ohio 2017) (citing *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)).

Regarding Rule 15(b), the Magistrate Judge found that amendment was not proper because the Rule governs amendments during and after trial. (ECF No. 35,

PageID #1230.) Neither circumstance applies. So, neither circumstance authorizes this amendment. Under Rule 15(a), the Magistrate Judge denied amendment due to undue delay and prejudice to Respondent. (*Id.*, PageID #1228.) Because Petitioner had the opportunity for an earlier amendment, the Court cannot say that the Magistrate Judge clearly erred in making this determination. Petitioner knew of the ground he sought to add and made an earlier amendment. Still, he did not assert that ground. In any event, the Magistrate Judge indicated that she will consider the evidence Petitioner presented in his motion to amend or supplement, mitigating any harm and likely making any error (though there is none) harmless. After all, he presented an ineffective assistance of counsel claim based on the subject matter jurisdiction argument raised in his objection. Respondent contends that this ground for relief is time barred. (ECF No. 19, PageID #123.) If Respondent is correct, then the proposed additional ground for relief is also time barred.

## CONCLUSION

For the forgoing reasons, the Court **OVERRULES** Petitioner's objection to the Magistrate Judge's Order denying his motion for leave to amend or supplement the writ.

**SO ORDERED.**

```
```
Dated: March 3, 2025

                                            J. Philip Calabrese
                                            United States District Judge
                                            Northern District of Ohio