**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| EDWARD A. SMITH, | CASE NO. 1:22-CV-00007 |
| Petitioner, | JUDGE J. PHILIP CALABRESE |
| vs. | |
| WARDEN LEON HILL, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner Edward A. Smith ("Petitioner" or "Mr. Smith") brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, asserting four grounds for relief that challenge his sentence and conviction in Cuyahoga County Common Pleas Court Case No. CR-88-226041. (ECF Doc. 1 ("Petition"); ECF Doc. 13 ("Amended Petition").)  In July 1988, Mr. Smith pled guilty to aggravated murder and was sentenced to 20 years to life in prison.  (ECF Doc. 1, p. 1; ECF Doc. 19-1, pp. 12, 616.)  Following a successful appeal challenging his 1988 sentence (ECF Doc. 19-1, pp. 614-627), Mr. Smith was resentenced on June 13, 2019, to life in prison with parole eligibility after 20 years (ECF Doc. 1, p. 1; ECF Doc. 19-1, p. 711).

1

Mr. Smith filed his Petition pro se on December 26, 2021 (ECF Doc. 1)[1] and his Amended Petition on February 21, 2023 (ECF Doc. 13).[2]  The matter was assigned to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  The case is briefed and ripe for disposition.  (ECF Docs. 19 & 23.)  For the reasons set forth herein, the undersigned recommends that the Court **DISMISS** Grounds One, Two and Three of the Amended Petition based on procedural default and **DISMISS** Ground Four of the Amended Petition because it is not cognizable on federal habeas review.

## I.      Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *See id.*; *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

In its July 16, 2020 decision pertaining to Mr. Smith's resentencing appeal, the Eighth District Court of Appeals summarized the facts and background underlying Mr. Smith's conviction and sentence as follows:

> {¶ 2} In November 1985, Smith fatally stabbed a victim while burglarizing the victim's home. In July 1988, Smith pleaded guilty to aggravated murder pursuant to a plea agreement with the state and the trial court sentenced Smith to "20 years to life in prison." The sentence was ordered to run concurrently to three other cases Smith had pending at that time.
>
> {¶ 3} In July 2013, Smith filed a "motion to void sentence," alleging that his sentence was void and that the trial court lacked subject-matter jurisdiction over his case. The trial court denied the motion. Later, in November 2013, Smith filed a

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  Mr. Smith states he placed his Petition in the prison mailing system on December 26, 2021.  (ECF Doc. 1, p. 15.)  The Petition was docketed on January 3, 2022.  (ECF Doc. 1.)

[2] The Court granted his motion to file the Amended Petition on May 16, 2023.  (ECF Doc. 17.)

"motion to void judgment and correct under Civ.R. 60(B)." Smith repeated the argument raised in his July 2013 motion, alleging that the trial court lacked jurisdiction to impose the 20-year-to-life prison term. The trial court again denied the motion.

{¶ 4} In August 2014, the trial court issued the following entry regarding Smith to the Ohio Adult Parole Authority:

> The court is in receipt of the Ohio Adult Parole Authority's 08/14/2014 notice of offender's hearing before the parole board. The court imposed a sentence after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio parole board from that which was imposed.

{¶ 5} In January 2015, the Ohio Parole Board held a hearing to determine whether it would release Smith. The board decided not to release Smith because of the severity of his crime and serious infractions he committed while incarcerated, finding that Smith's release would create either an undue risk to public safety or be inconsistent with the welfare and security of society.

{¶ 6} Five months later, in June 2015, Smith filed a motion to withdraw his guilty plea, arguing the trial court breached his plea agreement by submitting a letter to the Adult Parole Authority opposing his release. He claimed that had he known the trial court would oppose his parole when he was eligible, he would not have pleaded guilty. After a hearing, the trial court denied Smith's motion to withdraw his guilty plea. This court affirmed the trial court's judgment in *State v. Smith*, 8th Dist. Cuyahoga No. 104263, 2017-Ohio-1155 ("*Smith I*").

{¶ 7} In February 2018, Smith filed a "motion to void sentence." Smith argued that the trial court imposed a prison term that is not authorized under R.C. 2929.03(A) and therefore the sentence was void. The trial court denied his motion. On appeal, the panel agreed with Smith, vacated his sentence, and remanded the case for resentencing. *State v. Smith*, 2019-Ohio-155, 131 N.E.3d 321, ¶ 7 (8th Dist.), *appeal not accepted*, 155 Ohio St.3d 1438, 2019-Ohio-1536, 121 N.E.3d 409 ("*Smith II*").

{¶ 8} At the time Smith was sentenced in 1988 for his conviction of aggravated murder, the penalty for his offense was provided in R.C. 2929.03(A), which stated that aggravated murder was punishable by a sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment." The trial court, however, sentenced Smith to "20 years to life in prison." The panel in *Smith II* rejected the state's argument that, although the two sentences were worded differently, they had the same "practical effect." *Id.* at ¶ 18. Instead, the panel contrasted the sentencing statutes for murder and aggravated murder. Under the sentencing statute for murder, R.C. 2929.02(B), the trial court is to impose "an indefinite term of fifteen years to life" (unless certain aggravating elements exist),

i.e., a prison range defined by a minimum and maximum term. In contrast, under the sentencing statute for aggravated murder, R.C. 2929.03 (A), the court is to impose a prison term of life with parole eligibility after a certain period of time. The panel found the distinction to be important and held that the trial court exceeded its authority in sentencing Smith to "20 years to life," and therefore, the sentence was void. Because Smith should have been sentenced to "life imprisonment with parole eligibility after serving twenty years of imprisonment," the panel remanded the case for resentencing.[]

{¶ 9} On remand from *Smith II*, released on January 17, 2019, the trial court appointed counsel for Smith and set his resentencing for May 30, 2019, which was subsequently continued to June 13, 2019. A week before the rescheduled resentencing hearing, on June 6, 2019, Smith filed a pro se motion to withdraw his guilty plea, claiming that the guilty plea he entered in 1988 was not knowing, intelligent, or voluntary. At the June 13, 2019 resentencing hearing, Smith stated the following as the basis for his motion to withdraw the guilty plea:

> Well, what was explained to me is that when I pled guilty, I would get a sentence of 20 years to life, and that I would be eligible for parole in approximately 14 years and I earned good time on the sentence. Well, it's come to my attention now that I've been in prison for over 30 years, and the sentence doesn't even provide for the eligibility of parole according to the Eighth District Court of Appeals, so it was an unknowing, [in]voluntary, and unintelligent plea.

In response, the prosecutor stated that although the trial court's sentencing entry in 1988 did not specifically state that parole eligibility was available, Smith has been considered for parole, and the next parole hearing was to be held in September 2019.

{¶ 10} The trial court denied Smith's motion to withdraw his guilty plea and sentenced him to a sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment" in accordance with *Smith II*.

*State v. Smith*, 2020 WL 4013371, at * 1-2 (Ohio App. Ct. July 16, 2020) (footnote omitted);

(ECF Doc. 19-1, pp. 780-83.)

## II.      Procedural Background

### A.      State Court Conviction

Mr. Smith was seventeen years old at the time of the offenses for which he was charged.

(ECF Doc. 19-1, pp. 433, 616.)  After being bound over from juvenile court, on April 7, 1988, a

Cuyahoga County, Ohio grand jury indicted Mr. Smith on: one count of aggravated murder, with

a felony murder specification; one count of aggravated burglary; and one count of theft.[3]  (ECF Doc. 19-1, pp. 11, 141; ECF Doc. 21-1, pp. 3-9.)  Mr. Smith initially pled not guilty and, after the jury was empaneled in July 1988, Mr. Smith appeared with counsel in court and withdrew his prior not guilty plea and pled guilty to the first count, which was amended from aggravated murder with felony murder and aggravated felony specifications to aggravated murder.  (ECF Doc. 19-1, pp. 12, 433, 616, 780.)  The aggravated burglary and theft counts were dismissed on the State's motion.  (*Id*. at p. 12.)  The trial court sentenced Mr. Smith to 20 years to life in prison, with the sentence to run concurrent with sentences imposed in other cases.  (*Id*.)

**B.      Delayed Appeal**

On March 1, 1999, Mr. Smith filed a pro se notice of appeal of his 1988 conviction with the Eighth District Court of Appeals, along with a motion for leave to file delayed appeal and a motion to appoint counsel.  (ECF Doc. 19-1, pp. 13-21.)  As grounds for his request to file a delayed appeal, Mr. Smith stated that he was not advised of his right to appeal or right to counsel on appeal, and that state employees told him the appeal process was closed to him because he had pled guilty.  (*Id*. at p. 17.)  On March 31, 1999, the court of appeals denied Mr. Smith's motion for leave to file delayed appeal.  (*Id*. at p. 22.)  Mr. Smith did not file an appeal of this denial with the Supreme Court of Ohio.

**C.      2013 Motions to Void Sentence**

**1.      July 2013 Motion**

On July 22, 2013, Mr. Smith filed a pro se "motion to void sentence under Civ. R. 60(B)" with the trial court.  (ECF Doc. 19-1, pp. 23-26.)  The state opposed the motion (*id.* at pp. 27-30) and Mr. Smith filed an opposition / request for reconsideration (*id*. at pp. 31-36).  On August 20,

---

[3] Each count also carried aggravated felony specifications.  (ECF Doc. 19-1, pp. 11, 141.)

2013, the trial court denied Mr. Smith's motion to void sentence.  (*Id*. at p. 37.)  Mr. Smith filed

a pro se notice of appeal on September 23, 2013.  (*Id*. at pp. 38-53.)  On October 2, 2013, the

court of appeals sua sponte dismissed Mr. Smith's appeal as untimely.  (*Id*. at p. 54.)  Following

the court's dismissal of the appeal as untimely, Mr. Smith filed an appellate brief on October 10,

2013.  (*Id*. at pp. 56-74.)  On October 21, 2013, Mr. Smith filed a suspensive appeal with the

court of appeals, arguing the court should have deemed his filing timely based on the mailbox

rule and requesting that the court allow his appeal to proceed.  (*Id*. at pp. 75-77.)  On October 23,

2013, the court of appeals denied Mr. Smith's suspensive appeal, stating that Mr. Smith's filing

was "effective upon receipt by the clerk not upon mailing when a notice of appeal is involved."

(*Id*. at p. 78.)  Mr. Smith did not file an appeal with the Supreme Court of Ohio.

### 2.  November 2013 Motion

On November 12, 2013, Mr. Smith filed a second pro se motion seeking to void his

judgment under Civ.R. 60(B) with the trial court, captioned "motion to void judgment and

correct under Civ. R. 60(B)."  (ECF Doc. 19-1, pp. 79-84.)  The State filed a brief in opposition.

(*Id*. at pp. 85-91.)  On December 4, 2013, the trial court denied Mr. Smith's motion to void

judgment and correct under Civ. R. 60(B).  (*Id*. at p. 92.)  On December 20, 2013, Mr. Smith

filed a notice of appeal from the trial court's judgment.  (*Id*. at pp. 93-101.)  Mr. Smith filed his

appellate brief in February 2014, raising six assignments of error.  (*Id*. at pp. 102-20.)  The State

filed a brief in opposition.  (*Id*. at pp. 121-34.)  Mr. Smith filed a reply brief.  (*Id*. at pp. 135-37.)

On July 10, 2014, the state court of appeals dismissed Mr. Smith's appeal.  (*Id*. at pp. 138-46.)

The court of appeals found that Mr. Smith's motion, although it had a slightly different title from

the motion filed on July 22, 2013, was identical to the motion to vacate he had filed four months

earlier.  (*Id*. at pp. 140, 142.)  The court further found that the trial court had denied Mr. Smith's

earlier filed motion, that Mr. Smith's appeal from that denial was dismissed as untimely, and that Mr. Smith could not simply refile his motion again in an attempt to have the court of appeals review alleged errors that he had failed to timely appeal.  (*Id*. at pp. 140, 142-43.)  The court concluded that the trial court's denial of Mr. Smith's second motion to vacate did not restart the clock for filing a timely appeal and the court of appeals therefore lacked jurisdiction to consider the appeal.  (*Id*. at p. 143.)  On July 21, 2014, Mr. Smith filed a motion for reconsideration.  (*Id*. at pp. 147-50.)  The State filed an opposition brief.  (*Id*. at pp. 151-56.)  On August 19, 2014, the court of appeals denied Mr. Smith's motion for reconsideration.  (*Id*. at p. 157.)  Mr. Smith filed a notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio on August 13, 2014.  (*Id*. at pp. 158-76.)  In his memorandum in support of jurisdiction, Mr. Smith presented the following propositions of law:

1. The dismissal of all underlying felonies upon which a charge of aggravated murder under O.R.C. § 2903.01 is predicated deprives the court of subject matter jurisdiction to convict on aggravated murder absent the "prior calculation and design" element.

2. The failure of trial counsel to raise the minority of a defendant as a bar to a common pleas court's subject matter jurisdiction renders such counsel ineffective within the meaning of the Sixth Amendment.

3. The dismissal of a timely appeal from a final, appealable order, based upon the perception that it contained the same claims as in a previous pleading in the lower court, is both contrary to the mandates of Ohio Revised Code §2505.02, et. seq. and violative of due process of law.

(*Id*. at pp. 165-76.)  On November 19, 2014, the Supreme Court of Ohio declined to accept jurisdiction.  (*Id*. at p. 177.)

**D.    2002-2015 Parole Activity**

Mr. Smith became eligible for parole on March 5, 2002, but the Parole Board continued his incarceration and recommended further review in March 2012.  (ECF Doc. 19-1, pp. 178-79.)

Mr. Smith's case again came before the Parole Board on August 1, 2005, for a rehearing in light of the *Ankrom* ruling,[4] but his incarceration was continued.  (*Id*. at pp. 180-81.)

Mr. Smith next came before the Parole Board on January 18, 2012.  (*Id*. at pp. 182-83.) The Parole Board noted that one of Mr. Smith's offenses resulted in the death of a 73-year-old victim but also found he took responsibility for his role in the offenses, his insight and remorse had improved since his last hearing, and he took programs to decrease his risk of reoffending. (*Id*. at p. 182.)  The Parole Board further found Mr. Smith continued to commit minor rule infractions and spent time in segregation due to his disappointment over not receiving a commutation.  (*Id*.)  The Parole Board concluded that Mr. Smith was not suitable for release and continued his incarceration, scheduling his next hearing for January 2, 2015.  (*Id*.).

In response to a notice from the Ohio Adult Parole Authority regarding Mr. Smith's upcoming hearing before the Parole Board, the trial court issued a journal entry on August 27, 2014, stating: "The court imposed sentence after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio Parole Board from that which was imposed."  (*Id*. at p. 184.)  On September 26, 2014, Mr. Smith filed an appeal with the Eighth District Court of Appeals from the trial court's August 27, 2014 journal entry.  (*Id*. at pp. 185-95.)  In connection with his appeal, Mr. Smith filed a motion for appointment of counsel on October 15, 2014, arguing that the August 27, 2014 journal entry was a sua sponte modification of his sentence to a sentence of life without parole and he was entitled to appointment of counsel. (*Id*. at pp. Doc. 11-1, pp. 196-98.)  On October 29, 2014, the court of appeals denied Mr. Smith's motion for appointment of counsel (*id*. at p. 199) and dismissed Mr. Smith's appeal sua sponte,

---

[4] In *Ankrom v. Hageman*, 2005 WL 737833 (Ohio App. Ct. Mar. 31, 2005), an Ohio court of appeals ruled in favor of a class of inmates who challenged the Adult Parole Authority's procedures for determining release dates.

indicating that there was no judgment by the trial court from which an appeal could be taken (*id.* at p. 200). Mr. Smith did not appeal the decision to the Supreme Court of Ohio.

Mr. Smith had a Parole Board hearing on January 29, 2015. (*Id.* at pp. 202-04.) The Parole Board continued Mr. Smith's incarceration for another 24 months until January 2, 2017. (*Id.* at p. 202.) The Parole Board provided the following rationale for its decision:

> Offender is serving for a series of very serious offenses that include murder, felonies [sic] assault and robbery. Offender has participated in risk relevant programs. However, he has received multiple tickets since his hearing which indicate a lack of impulse control. Given these facts, he is not suitable for release.

(*Id.*)

### E.    Motion to Withdraw Guilty Plea

On June 19, 2015, Mr. Smith filed the following pro se motions with the trial court: motion to withdraw guilty plea (Doc. 204-21); motion for evidentiary hearing (*id.* at pp. 222-23); and motion for appointment of counsel (*id.* at pp. 224-25). Mr. Smith argued that "[t]he plea agreement carried with it the tacit understanding that, barring bad behavior, Defendant had a reasonable expectation of actual consideration for release on parole in his hearing on 02/21/2002, fourteen years hence." (*Id.* at p. 207.) He further argued that it was not explained or disclosed to him "that the Ohio Adult Parole Authority (OAPA) had the authority to change the manner in which prisoners are considered for parole[] . . . [or] that, in this particular case, the trial court would improperly retroactively apply a statutory revision effective July 1, 1996 to alter its position on his parole eligibility[.]" (*Id.*) Mr. Smith also argued that the terms of his plea agreement were altered and his plea agreement was breached when the trial court, in response to the parole authority's notice of Mr. Smith's upcoming parole hearing, issued journal entries on August 27, 2014, stating that the court opposed any reduction or modification of sentence by the parole board. (*Id.* at pp. 208-12.) He argued that the journal entries "remov[ed] realistic parole

9

eligibility and, in effect, alter[ed] [his] sentence from parole eligibility in fourteen years to an effective term of life without parole." (*Id*. at p. 209.) The State opposed Mr. Smith's motion to withdraw his guilty plea. (*Id*. at pp. 226-35.) With leave of court, Mr. Smith filed a reply brief. (*Id*. at pp. 236-44, 853.)

The trial court appointed counsel for Mr. Smith. (*Id*. at p. 854.) On September 28, 2015, Mr. Smith, through counsel, filed a motion to reveal the notes of the prosecutor regarding the plea agreement, arguing that his trial counsel and the original trial judge were deceased and there was no transcript of the proceedings.[5] (*Id*. at pp. 245-49.) Mr. Smith's court appointed counsel filed supplemental law and argument in support of Smith's motion to withdraw guilty plea on September 28, 2015. (*Id*. at pp. 250-84.) On October 28, 2015, the state filed a brief in opposition. (*Id*. at pp. 285-309.) Mr. Smith filed a counseled reply brief (*id.* at pp. (Doc. 11-1, pp. 310-320) and the state filed a supplemental brief in opposition (*id.* at pp. 321-36.)

On February 23, 2016, the trial court held a hearing on Mr. Smith's motion to withdraw his guilty plea. (*Id*. at pp. 337, 879-917.) During the hearing, Mr. Smith did not call any witnesses. (*Id*. at pp. 890-91.) The state called Attorney David Briggs, who was the assistant prosecutor on Mr. Smith's case. (*Id*. at pp. 891-99.) Attorney Briggs had no independent recollection of Mr. Smith's case but indicated that, having reviewed the file, he did not see notes reflecting an agreement not to oppose parole. (*Id*. at pp. 895, 897.) Attorney Briggs indicated that, had such an agreement been made, he would not have had the authority to make such an agreement; he would have been required to seek approval from a supervisor; and had approval been obtained he would have noted it in the file. (*Id*. at pp. 896-97.) Attorney Briggs indicated that an agreement not to oppose parole was not ordinarily done. (*Id*. at p. 897.) Mr. Smith's

---

[5] Attached to the motion was an affidavit from the chief court reporter indicating that there were no court reporting notes for Case No. CR-88-226041. (ECF Doc. 19-1, p. 248.)

counsel argued that that the court should grant the request to withdraw the plea given that there was no transcript from the plea, Attorney Briggs had no independent recollection, and the only affirmative evidence of what occurred at the time of the plea was Mr. Smith's affidavit; in the affidavit, Mr. Smith said he understood at the time of his plea, as part of the plea agreement, that the court would not oppose parole and that he would not have agreed to the plea agreement if he had known the court would later oppose his release on parole.  (*Id*. at pp. 899-903.)  On February 26, 2016, the trial court denied Mr. Smith's motion to withdraw his plea.  (*Id*. at p. 337.)

On March 21, 2016, Mr. Smith filed a pro se notice of appeal with the Eighth District Court of Appeals from the trial court's denial of his motion to withdraw his guilty plea.  (*Id*. at pp. 338-43.)  Mr. Smith subsequently filed a motion for appointment of counsel, which the court of appeals granted.  (*Id*. at p. 868.)  On July 7, 2016, Mr. Smith, through court appointed counsel, filed an appellate brief raising the following assignment of error:

> 1.     The trial court committed error when, faced with a manifest injustice caused by its own breach of a plea agreement, it denied appellant's motion to withdraw his guilty plea.

(*Id*. at pp. 344-55.)  On August 8, 2016, Mr. Smith filed a pro se motion for appointment of substitute counsel, arguing that his counsel did not raise issues that should have been raised, namely that the trial court abused its discretion in denying his motion to withdraw guilty plea.  (*Id*. at pp. 356-57, 868.)  The court of appeals denied Mr. Smith's motion for appointment of substitute counsel on August 18, 2016.  (*Id*. at p. 358.)  In its order denying Mr. Smith's motion, the court granted Mr. Smith leave to file a pro se brief addressing "the issue of whether 'the trial court abused its discretion denying appellant's motion to withdraw guilty plea.'"  (*Id*.)  On October 17, 2016, Mr. Smith filed his pro se supplemental brief (*id.* at pp. 359-74) raising the following five assignments of error:

1.      The successor judge abused her discretion by issuing Court Orders without reviewing or even possessing the facts of the case in which the successor judge issued an additional order of judgment.

2.      The successor judge lacked jurisdiction to issue "facts of the case and recommendations" to the parole Authority and the issuance of Court Orders was an abuse of discretion and a sham legal process.

3.      The successor judge abused her discretion when two attorneys were not appointed to an indigent defendant when the record was clear that the defendant was in fact charged with Aggravated Murder with specifications and underlying felonies with specifications.

4.      The successor Judge's issuance of a Court Order was additional to the Criminal Rule 11 explanatory plea agreement, and facts presented were not construed in the light most favorable to the defendant.

5.      The additional Judgment increased the penalty at the Authority who provided eligibility for parole, to a unique sentence of life without parole eligibility, in violation of Eighth and Fourteenth Amendments that protect against cruel and unusual punishment.

(*id.* at p. 362). The State filed briefs in opposition. (*Id*. at pp. 375-92, 393-414.) Mr. Smith filed a pro se supplemental reply brief. (*Id*. at pp. 415-30.) On March 30, 2017, the court of appeals affirmed the trial court's denial of the motion to withdraw guilty plea. (*Id*. at pp. 431-42.)

On April 10, 2017, Mr. Smith filed a motion for reconsideration and/or request for en banc hearing. (*Id*. at pp. 443-44.) The court of appeals denied Mr. Smith's motions. (*Id*. at pp. 445-46.) On May 15, 2017, Mr. Smith filed a pro notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio from the denial of his motion to withdraw his guilty plea. (*Id*. at pp. 447-64.) In his memorandum in support of jurisdiction, Mr. Smith raised the following five propositions of law:

1.      The provisions of Ohio Revised Code §2967.03 that require "the trial judge...of the court trial in which a person was convicted" to furnish, "at the request of the authority, a summarized statement of the facts proved at trial, and of all other facts having reference to the propriety of..." granting a parole, together with a recommendation, do not encompass the issuance of a Court Order prohibiting a parole.

12

2.     The provisions of Ohio Revised Code §2967.03 requiring the furnishing of relevant facts of the case to the Parole Authority by the trial judge require a review of such facts prior to the issuance of the "summarized statement" and cannot be met absent the existence of a record of the facts.

3.     The issuance of a Court Order opposing parole does not conform to the statutory provisions of Ohio Revised Code §2967.03, or any other statutory provision, and serves to breach a plea agreement that included parole eligibility.

4.     Ohio Revised Code §5149.101 is expressly not retroactive, pursuant to Ohio Revised Code §5120.021, and cannot be used to issue a court order prohibiting release on parole for a prisoner convicted prior to 1996.

5.     The issuance of a court order divesting a prisoner of parole eligibility that was included in a plea agreement, without statutory authority, constitutes a breach of that plea agreement and renders the initial plea invalid under the Due Process Clause.

(*Id*. at pp. 449-50, 454-63 (alterations in original).)  On September 13, 2017, the Supreme Court of Ohio declined jurisdiction of the appeal.  (*Id*. at p. 480.)

**F.     2017 Application to Reopen Appeal Pursuant to Ohio App. R. 26(B)**

On June 20, 2017, Mr. Smith filed a pro se App. R. 26(B) application to reopen his appeal of the denial of his motion to withdraw his guilty plea. (ECF Doc. 19-1, pp. 481-98.)  Mr. Smith argued that his appellate counsel was ineffective for not raising the following assignments of error:

1.     Appellant was denied due process of law when denied the effective assistance of appellate counsel where counsel failed to raise (1) failed to file a motion under App.R. 26(A) when the court violated App.R. 12(A); (2) violated App.R. 9(C) [Statement of Evidence or Proceeding] to reconstruct the destroyed Crim.R. 11 record with Appellant's recollection;' (3) failed to seek reconsideration on the express violations of the 'separation of powers' and (4) failed to address the application that R.C. §2967.021 had to an offender like the Appellant, as was done by trial counsel below.

2.     Appellant was denied due process of law under the Ohio and United States Constitutions when denying Appellant the effective assistance of trial & appellate counsels for failing to correct the court's misrepresentation of the truthful and accurate portrayal of Ohio Revised Code §2967.03 [a strictly 'clemency'

13

> discretionary statute] because Ohio's pre-7/1/96 "Parole Releasing Regulations'
> (AR's) governs the type of discretion to be used at 'parole eligibility'. App.R.
> 26(A) should have been sought by appellate counsel on the misapplication by the
> court of R.C. §2967.03 [clemency] when the matter deals strictly with 'parole
> eligibility', R.C. §2967.13 R.C. § 2967.12(1).

(*Id*. at pp. 486-87 (alterations in original).)  The State filed a memorandum in opposition to Mr.

Smith's motion to reopen.  (*Id*. at pp. 499-509.)  On November 1, 2017, the Ohio Court of

Appeals denied Mr. Smith's application to reopen his appeal, concluding that App.R. 26(B)

applies to an appeal of a criminal conviction and sentence not an appeal pertaining to denial of

motion for withdraw of a guilty plea.  (*Id*. at pp. 510-13.)

On December 15, 2017, Mr. Smith filed a notice of appeal with the Supreme Court of

Ohio from the November 1, 2017 decision of the court of appeals and a memorandum in support

of jurisdiction.  (*Id*. at pp. 514-29.)  In his memorandum in support of jurisdiction, Mr. Smith

presented the following two propositions of law:

1.  A motion to withdraw a guilty plea under Ohio Crim.R. 32.1 constitutes a direct
    attack upon a criminal conviction and a defendant is thus entitled to effective
    assistance of counsel to perfect an appeal therefrom. Where such counsel is
    ineffective, App. R. 26(B) is available to seek redress of the issue.

2.  Where appellate counsel in a criminal case fails to raise significant and obvious
    errors of constitutional magnitude and fails to properly argue the errors that were
    raised, and the results of the appeal were adversely affected thereby, such errors
    constitute ineffectiveness within the meaning of the Sixth and Fourteenth
    Amendments and reversal is warranted.

(*Id*. at pp. 516, 521-25.)  On January 11, 2018, the State filed a memorandum in response.  (*Id*. at

pp. 530-38.)  On February 28, 2018, the Supreme Court of Ohio declined to accept jurisdiction.

(*Id*. at p. 539.)

## G.     2016-2017 Parole Activity

On August 23, 2016, in response to a notice from the Ohio APA regarding Mr. Smith's

upcoming parole hearing, the trial court issued an entry, stating "[t]he court imposed sentence

14

after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio Parole Board from that which was imposed." (ECF Doc. 19-1, p. 540.)  On September 27, 2016, Mr. Smith filed a pro se notice of appeal with the court of appeals from the August 23, 2016 entry.  (*Id*. at pp. 541-53.)  On October 13, 2016, the state court of appeals dismissed the appeal sua sponte for failure to file a timely notice of appeal.  (*Id*. at p. 554.)  Mr. Smith did not file an appeal with the Supreme Court of Ohio.

Mr. Smith had a parole hearing on April 18, 2017.  (*Id*. at pp. 555-56.)  The Parole Board continued Mr. Smith's incarceration through November 1, 2019.  (*Id*. at p. 556.)  In reaching its decision, the Parole Board found that:

> The inmate has an extensive and violent criminal history that includes the senseless killing of a vulnerable victim. The inmate's release at this time would demean the seriousness of the offenses and create an undue risk to public safety. While the inmate's institutional conduct has improved in recent years, his overall adjustment in that regard has been marginal during his incarceration. For these reasons, and after weighing all relevant factors, the Board finds that the inmate is not presently suitable for release.

(*Id*.)

## H.     2018 Motion to Void Sentence

On February 6, 2018, Mr. Smith filed a motion to void his sentence (ECF Doc. 19-1, pp. 557-65, 851), motion for appointment of counsel (*id.* at pp. 566, 851), and motion for evidentiary hearing (*id.* at pp. 567, 851).  In his motion to void his sentence, Mr. Smith argued:

1.     This court lacked subject-matter jurisdiction when it disregarded the entire range of sentences provided for by statute when it imposed a sentence of twenty (20) years to life under R.C. 2903.01.

2.     The trial court exceeded its authority when it disregarded the sentencing statute.

3.     A court has no power to substitute a different sentence for that provided for by law.

(*Id*. at pp. 558-59.)  The State opposed the motion to void sentence.  (*Id*. at pp. 568-73.)  On

February 9, 2018, the trial court denied Mr. Smith's motion to void sentence, motion to appoint

counsel, and motion for evidentiary hearing.  (*Id*. at pp. 574-75, 851.)

On March 5, 2018, Mr. Smith filed a pro se notice of appeal with the state court of

appeals from the trial court's February 9, 2018, denial of his motion to void sentence.  (*Id*. at pp.

576-83.)  On March 22, 2018, Smith filed his appellate brief (*id.* at pp. 584-96), raising the

following assignment of error:

> 1. The trial court erred as a matter of law when sentencing defendant-appellant to 20
>    years to life and abused its discretion in denying defendant's motion to correct a
>    facially illegal sentence where defendant-appellant's sentence is contrary to law.

(*Id*. at pp. 591-95.)  On March 28, 2018, the State filed its appellate brief (*id*. at pp. 597-607),

and Mr. Smith filed his reply brief on April 10, 2018 (*id*. at pp. 608-13).  On January 17, 2019,

the court of appeals sustained Mr. Smith's sole assignment of error, vacated Mr. Smith's

sentence, and remanded the matter for resentencing.  (*Id*. at pp. 614-27.)  The court concluded

that the sentence imposed on Mr. Smith for his conviction for aggravated murder in violation of

R.C. 2903.01—20 years to life—did not comport with the statutory language in R.C.

2929.03(A), and the trial court therefore exceeded its authority.  (*Id*. at pp. 621, 626.)  The court

of appeals therefore found the sentence imposed was void and that Mr. Smith should have been

sentenced to "life imprisonment with parole eligibility after serving twenty years of

imprisonment."  (*Id*. at p. 626.)

On February 13, 2019, the State filed a notice of appeal with the Supreme Court of Ohio.

(*Id*. at pp. 628-29.)  In its memorandum in support of jurisdiction (*id*. at pp. 631-56), the State

raised the following proposition of law:

1.  A sentence journalized in a trial court's sentencing entry does not have to precisely track the statutory language set forth by statute, so long as the sentence comports with the intent of the legislature.

(*id.* at pp. 632, 636-40).  On May 1, 2019, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.  (*Id*. at p. 657.)

## I.    First Federal Habeas Corpus Petition

On April 29, 2018, Mr. Smith filed a pro se federal habeas corpus petition under 28 U.S.C. § 2254 in the Northern District of Ohio, Case No. 1:18-cv-01041.  (ECF Doc. 19-1, pp. 658-71.)  In his petition, Mr. Smith presented the following grounds for relief:

> **GROUND ONE:**  Petitioner was deprived of due process of law by the successor judge of the trial court breaching the plea agreement, rendering the plea Constitutionally invalid as no longer having been knowingly, voluntarily or intelligently entered.

> **GROUND TWO:** Petitioner was denied due process and equal protection of the law where a statute, enacted subsequent to his conviction which contains language expressly rendering it solely prospective in nature, is applied retroactively to attempt to justify a breach of his plea agreement by the pro forma resentencing and removal of parole eligibility of a successor judge, which is in violation of the Ex Post Facto Clause of the United States Constitution.

> **GROUND THREE:**  Petitioner was deprived of his right to the effective assistance of counsel on direct appeal, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.

(*Id*. at pp. 663-65.)  The magistrate judge recommended denying and dismissing Mr. Smith's federal habeas petition.  (*Id*. at pp. 672-703.)  Mr. Smith did not file objections and the district judge adopted the magistrate judge's report and recommendation on February 22, 2021, denying the petition.  (*Id*. at pp. 704-06.)  As discussed below, Mr. Smith was resentenced pursuant to the Eighth District's remand order during the pendency of his first federal habeas corpus proceeding.

**J.      2019 Resentencing**

Following the Eighth District's remand order and prior to his resentencing, on June 6,

2019, Mr. Smith filed a pro se motion to withdraw his guilty plea. (ECF Doc. 19-1, pp. 707-10.)

At a hearing conducted on June 13, 2019, the trial court gave Mr. Smith an opportunity to

explain to the court why he believed his plea was not made knowingly, intelligently, and

voluntarily.  (*Id*. at pp. 953-54.)  Mr. Smith stated:

> [W]ell what was explained to me is that when I pled guilty, I would get a sentence
> of 20 years to life, and that I would be eligible for parole in approximately 14 years
> and I earned good time on the sentence.  [W]ell, it's come to my attention now that
> I've been in prison for over 30 years, and the sentence doesn't even provide for the
> eligibility of parole according to the Eighth District court of Appeals, so it was an
> unknowing, unvoluntary, and unintelligent plea.

(*Id*. at p. 954.)  On June 13, 2019, the trial court denied Mr. Smith's motion to withdraw his

guilty plea.  (*Id*. at pp. 711, 954.)  Mr. Smith was later given an opportunity to speak before his

resentencing, and said he did not believe the court had jurisdiction to hear his case, arguing:

"[w]hen I was a juvenile defendant, I didn't get bound over properly, I didn't get a psych exam, I

didn't get a physical exam, I didn't get any of that, and here we are."  (*Id*. at p. 957.)   The trial

court explained that it had already denied the motion to withdraw his plea and that the court was

moving forward with sentencing.  (*Id*.)  When provided another opportunity to speak before his

resentencing, Mr. Smith said he felt the appropriate sentence would be time served, since he had

already served 30-plus years and was still not eligible for parole.  (*Id*. at pp. 957-58.)  The trial

court sentenced him to life in prison with parole eligibility after 20 years of imprisonment, in

keeping with the opinion of the Eighth District Court of Appeals.  (*Id*. at pp. 711, 961.)

On June 24, 2019, Mr. Smith filed a pro se motion for arrest of judgment.  (*Id*. at pp. 712-

14.)  He argued that the trial court lacked jurisdiction because the crime occurred when he was a

juvenile and the psychological and physical examinations did not occur as was required by Juv.

R. 30 as needed for the juvenile court to relinquish jurisdiction.  (*Id*. at p. 713.)  He argued that he asserted this jurisdictional issue on June 13, 2019, but that the court chose to ignore the argument.  (*Id*.)  On June 27, 2019, the trial court denied Mr. Smith's motion for arrest of judgment.  (*Id*. at p. 715.)

Mr. Smith filed a notice of appeal from his resentencing with the Eighth District Court of Appeals, through counsel, on June 25, 2019.  (*Id*. at pp. 716-23.)  In his September 24, 2019 appellate brief (*id.* at pp. 724-37), Mr. Smith raised the following assignment of error:

1.    The trial court erred in not allowing Appellant to withdraw his guilty plea.

(*id.* at pp. 733-36.  The State filed its appellate brief on September 26, 2019.  (*Id*. at pp. 738-53.)  On December 2, 2019, Mr. Smith filed a pro se motion to remove appointed counsel for failure to brief errors and to have effective counsel appointed.  (*Id*. at pp. 754-77.)  On December 4, 2019, the court of appeals denied Mr. Smith's motion to remove appointed counsel and have effective counsel appointed.  (*Id*. at 778.)  The court of appeals then affirmed the trial court's judgment on July 16, 2020 (*id.* at pp. 779-86), finding the claim barred by res judicata because it should have been raised in the motion to withdraw his guilty plea he filed in 2015 (*id.* at pp. 784-85).  Regardless of the Eighth District's holding that a sentence of "20 years to life" was not the same as "life imprisonment with parole eligibility after serving twenty years of imprisonment," and that Mr. Smith therefore had to be resentenced to accurately reflect his sentence under R.C. 2929.03(A), the court explained that Mr. Smith had still "been treated as eligible for parole" under the prior sentence, "and the parole board ha[d] considered him for parole."  (*Id*. at p. 785.)

Mr. Smith did not file a timely appeal with the Supreme Court of Ohio, but he did file a pro se notice of appeal (*id.* at p. 808) and motion for delayed appeal (*id.* at pp. 809-21) on October 1, 2020.  The Supreme Court of Ohio granted his motion for delayed appeal on

November 24, 2020. (*Id*. at p. 822.) On December 21, 2020, Mr. Smith filed a memorandum in support of jurisdiction (*id*. at pp. 823-31) raising the following propositions of law:

> 1.    A void judgment, sentence, order, or decree in whatever tribunal it may be entered is, in legal effect nothing. All acts performed under it, and all claims flowing out of it, are void.
>
> 2.    Jeopardy cannot attach to a void judgment.

(*Id*. at pp. 824, 825, 828-31.) On February 16, 2021, the Supreme Court of Ohio declined jurisdiction over Mr. Smith's appeal. (*Id*. at p. 846.)

**K.    2020 Application for Reopening Appeal Pursuant to Ohio App. R. 26(B)**

On October 14, 2020, Mr. Smith filed a pro se application to reopen his appeal relating to the denial of his June 6, 2019 motion to withdraw his guilty plea. (ECF Doc. 19-1, pp. 787-96.) He argued that his appellate counsel had provided ineffective assistance by failing to raise the following assignments of error:

> 1.    Counsel Kevin M. Spellacy's failure to verify on the record if the successor judge was familiar enough with the facts of the case to pronounce sentence did prejudice the defendant. Counsel knew or should have known that the sentencing record, judges notes, and plea agreement had been destroyed. . . . Counsel also failed to seek the disqualification of the successor judge pursuant to Criminal Rule 25(B) does support the Appellant's claim that counsel did not execute his duties in a competent and ethical manner which rendered counsel ineffective, and the Appellant was prejudiced.
>
> 2.    Appellate counsel Thomas Rein failed to assign the above Rule 25(B) error in favor of an error that counsel knew or should have known was barred by the doctrine of res judicata. Counsel informed the Appellant by mail on July 12, 2019 that counsel would review the record for errors. Then purposely and unethically chose to assign error to an issue previously litigated and ruled upon by this honorable court in Case No. CA-16-104263 on March 30, 2017.
>
> 3.    A challenge to subject matter jurisdiction may be raised at anytime, even on appeal in a reviewing court. . . . On June 25, 2019 the Defendant Appellant filed a timely motion to arrest judgment alleging that the trial court lacked subject matter jurisdiction. Appellate counsel Thomas Rein was in possession of the record from the trial court in this case. Counsel chose as a

single assignment of error an issue that he knew or should have known was barred by the doctrine of res judicata as it had already been litigated. Instead of briefing a challenge to the subject matter jurisdiction. Where the Appellant would be successful as the record does not comply with the proper bindover procedures to relinquish jurisdiction . . . . The Appellant now moves this Honorable Court to take judicial notice that the judgment is void because the bindover statute required a physical examination, and a psychological examination. The juvenile court failed to require either and the resulting judgment in the adult court is void.

4.      When this Honorable Court vacated the Appellant's sentence for being void in CA-16-106893 on 1-17-19 the Appellant's parole eligibility date furnished by the void sentence did not vacate. On July 31, 2019, the Bureau of Sentencing Computation printed out an update and correction to the Appellant's resentencing which took place on June 13, 2019. However, there was no change to the Appellant's parole eligibility date . . . . The Appellant had already served the maximum minimum sentence, and the trial court resentenced him pursuant to statutory requirements. Federal and State due process protections to the expectation of finality in the sentence imposed by the trial court had mature in this case. Federal courts have recognized that even when the sentence has not been completed, but particularly so when it has expired, a defendant's expectation of finality in the sentence has sufficiently matured so that increasing the sentence is unconstitutional. Both the Double Jeopardy and Due Process Clause of the U.S. Constitution protect a defendants legitimate interest in the finality of his sentence and precludes a second sentencing imposing increased punishment . . . . "Due Process, notions of fundamental fairness places a "temporal limit" on later increases in sentences, even if such increases were made to correct and illegal sentence. . . ." The "new" sentence has no eligibility of parole according to the update from the Bureau of Sentence Computation. Parole eligibility was illegally furnished on the illegal sentence from 1988 <u>only</u>. Had counsel argued this statutory supported argument the Appellant would have had a different outcome instead of res judicata.

(*Id*. at pp. 788-91 (underline in original).)  The State opposed the application to reopen.  (*Id*. at pp. 797-04.)  On January 26, 2021, the Eighth District Court of Appeals denied the application to reopen (*id.* at pp. 805-07), finding that App. R. 26(B) was not applicable to the judgment rendered in *State v. Smith*, 8th Dist. Cuyahoga No. 109727, 2020-Ohio-3717 (*id.* at pp. 806). The court explained that the subject of that appeal was Mr. Smith's resentencing and denial of his motion to withdraw guilty plea, and that App. R. 26(B) applied only to the direct appeal of a

21

criminal conviction, not subsequent postconviction proceedings, including resentencing, motions to vacate sentences, and hearings to determine the validity of the denial to withdraw a guilty plea.  (*Id*.)  Additionally, the court found that Mr. Smith failed to demonstrate that there existed a reasonable probability that, were it not for appellate counsel's alleged errors, the results of the appeal would have been different.  (*Id*. at p. 807.)  Mr. Smith did not file a timely appeal with the Supreme Court of Ohio.  Although the record contains copies of a notice of appeal from the January 26, 2021 denial of the App. R. 26(B) (ECF Doc. 21-2), memorandum in support of jurisdiction (ECF Doc. 21-3), and Affidavit of Indigence (ECF Doc. 21-4) that are stamped "Received March 17 2021 Clerk of Court Supreme Court of Ohio," there is no record of Mr. Smith's notice of appeal or other related filings being "filed" with the Supreme Court of Ohio.[6]

## L.     Second Federal Habeas Petition

On December 26, 2021, Mr. Smith filed the pending Petition.  (ECF Doc. 1.)  In his Petition, he raised the following two grounds for relief:

> **Ground One**: Denial of equal protection under the law as an appeal as of right was barred by res judicata.

> **Supporting Facts**: 226041 On July 18, 1988 the juvenile defendant was advised by counsel to accept a plea bargain for a sentence that was determined by the Eighth District Court of Appeals to be "void" as the sentence was illegal in State v. Smith CA 106893.

> Smith filed a Criminal Rule 32.1 (pre-sentence) motion to withdraw his involuntary, unknowing, and unintelligent guilty plea on 6-6-19.  The motion was denied and Smith was resentenced.

> Counsel was assigned to perfect an appeal in CA 108727 which was barred at {15} by res judicata.

---

[6] The time for filing a notice of appeal with the Supreme Court of Ohio is forty-five days from the day the court of appeals filed its decision, or March 12, 2021.  *See* S. Ct. Prac. R. 7.01(A)(1)(a)(i).  The Rules of Practice for the Supreme Court of Ohio state that the time for filing a notice of appeal is mandatory, except as provided in specified divisions of S. Ct. Prac. R. 7.01, and that the Clerk of the Supreme Court shall refuse to file a notice of appeal or memorandum in support of jurisdiction received after the time for filing has passed.  *See* S. Ct. Prac. R. 7.01(A)(1)(b).

> **Ground Two**: Double Jeopardy.
>
> **Supporting Facts**: The judgments attached to Case No. CR88-226041 from 7-18-88 through 1-17-19 do provide and or furnish jeopardy.  The court of appeals refusal to void all of the judgments as they were connected to an illegal judgment that was void does in fact subject Smith to double jeopardy.

(ECF Doc. 1 pp. 5-8.)  On August 3, 2022, Respondent filed a motion to transfer the matter to the Sixth Circuit as a second or successive petition.  (ECF Doc. 7.)  On August 4, 2022, the Court transferred this action to the Sixth Circuit, finding that Petitioner previously filed a petition under Section 2254 challenging his convictions, that prior petition was denied, and Petitioner did not indicate that he sought and obtained authorization from the Sixth Circuit to file a second or successive petition.  (ECF Doc. 8.)

Mr. Smith filed a pro se motion for authorization to file a second or successive habeas petition in the Sixth Circuit.  (ECF Doc. 10-2; ECF Doc. 19-1, pp. 832-44).  On January 19, 2023, the Sixth Circuit found Mr. Smith's 2019 resentencing was an "intervening judgment" because Mr. Smith filed his original Section 2254 petition before his resentencing and did not file his second petition until after his resentencing.  (ECF Doc. 10, p. 3; ECF Doc. 19-1, p. 849.)  Thus, the Sixth Circuit concluded that Mr. Smith's Petition was not "second or successive" and the district court should review his Petition in this first instance.  (*Id.*)  The court denied Mr. Smith's corrected motion for authorization as unnecessary, granted Mr. Smith's motion to remand the matter, denied all other motions, and transferred the Petition to United States District Court for the Northern District of Ohio.  (ECF Doc. 10; ECF Doc. 19-1, pp. 847-49.)

On February 7, 2023, Mr. Smith's case was reopened in this Court.  On February 21, 2023, Petitioner sought leave to amend his pleading to assert four grounds for relief.  (ECF Doc. 13.)  Following briefing on the motion for leave to amend (ECF Docs. 14, 15, 16), the Court granted Mr. Smith's motion for leave to amend to raise the following four grounds for relief:

**Pleading One**: The Petitioner was denied due process, and equal protection under the law by the ineffective assistance of trial counsel who advised the juvenile petitioner to plead guilty in a court of law that lacked subject matter jurisdiction.

**Pleading Two**: The petitioner was denied due process, and equal protection under the law by ineffective assistance of appellate counsel, who failed to brief "arrest of judgment" that was timely filed in trial court by petitioner alleging the trial court's lack of subject matter jurisdiction.

**Pleading Three**: The petitioner was denied due process, and equal protection under the law by ineffective assistance of appellate counsel who failed to file appellate brief of errors claimed by petitioner in communication with counsel prior to filing of appellate brief. (claim filed in CA 108727 on December 2, 2019 in motion to remove appellate counsel for failing to brief errors, and to have effective counsel appointed.)

**Pleading Four**: The petitioner was subject to double jeopardy by the Eighth District Court of Appeals Cuyahoga County, Ohio in Case No. 106893 where the sentence was vacated as illegal, but none of the rulings connected to that illegal sentence were vacated; which later led to res judicata ruling in the Eighth District Court of Appeals Case No. 108727.

The court's failure to correct the record in Case No. 106893 did subject the petitioner to double jeopardy in CA 108727 at (¶ 14) where the faulty record reflects that in 2015 petition filed a motion to withdraw a guilty plea from the 1988 conviction and sentence.

At (¶ 7) of CA 108727 the record states on appeal, the panel agreed with the petitioner, vacated the sentence (¶9) on January 17, 2019. The legal judgment in CA 106893 cannot connect to the illegal judgment in CR 226041 (July 1985) as no legal judgment can connect to an illegal judgment. Therefore CA 108727 did subject the petitioner to double jeopardy by claiming CA 106893 to be valid, and dismissing CA 108727 as res judicata.

(ECF Doc. 17.)[7]  On July 14, 2023, Respondent filed his Return of Writ, addressing the four grounds for relief, arguing that dismissal or denial of Mr. Smith's Amended Petition is warranted because: (1) Grounds One through Three do not relate back to the grounds for relief raised in the original Petition and are not timely filed under AEDPA's statute of limitations; (2) Grounds One through Four are procedurally defaulted; (3) Ground Two is without merit; and/or (4) Ground

---

[7]  Petitioner's four "pleadings" are referred to herein as grounds or grounds for relief.

Four is not cognizable on federal habeas review.  (ECF Doc. 19.)  On October 31, 2023, Petitioner filed his Traverse.  (ECF Doc. 23.)  Petitioner also filed a motion for leave to amend or supplement his Amended Petition.  (ECF Doc. 31.)  While the undersigned denied the motion for leave to the extent Mr. Smith sought to add a new ground for relief to the Amended Petition, the undersigned has considered the arguments in that motion to the extent they serve to supplement the arguments asserted by Mr. Smith in his Traverse.  (ECF Doc. 35 p. 5; ECF Doc. 40 p. 5.)

### III.    Law & Analysis

**A.    Standard of Review Under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies."  *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c).)  If an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application "shall not be granted" unless the adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007).  The burden of proof rests with the petitioner.  *See Cullen*, 563 U.S. at 181.

**B.     Legal Standard for Procedural Default**

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  *See* 28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").

To satisfy the fair presentation requirement, a habeas petitioner must present both the facts and legal theories underpinning his claims to the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Baldwin v. Reese*, 541 U.S. 27, 33-34 (2004); *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987).  A constitutional claim for relief must also be presented to the state's highest court to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A petitioner must also meet certain procedural requirements to have his claims reviewed in federal court.  *See Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United*

*States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition," while procedural default applies where the remedies are no longer available.  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).

Procedural default may occur in two ways.  First, a petitioner may procedurally default a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."  *Id.*  In *Maupin v. Smith,* the Sixth Circuit articulated a four-prong analysis to be used when determining whether a claim is procedurally barred due to failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim, and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.  785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"  *See Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state

courts] cannot be considered in a federal habeas corpus petition."); *State v. Moreland*, 552 N.E. 2d 894, 899 (Ohio 1990) (finding failure to present a claim to a state court of appeals constituted a waiver).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806.  Thus, even if the exhaustion requirement is technically satisfied because no state remedies remain available to the petitioner, the petitioner's prior failure to present those claims for consideration in state court may cause a procedural default that bars federal court review of the claims.  *See Williams,* 460 F.3d at 806 (citing *Coleman v. Thompson,* 501 U.S. 722, 732 (1991)).

To overcome procedural default, a petitioner must: (1) show cause for the default and demonstrate that actual prejudice resulted from the alleged violation of federal law; or (2) show that there will be a fundamental miscarriage of justice if the claims are not considered. *See Coleman*, 501 U.S. at 750.  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

## C.    Ground One is Procedurally Defaulted

Mr. Smith argues in Ground One that his trial counsel was ineffective because he advised Mr. Smith to plead guilty in a court that lacked subject matter jurisdiction.  (ECF Doc. 13, p. 1; ECF Doc. 23, pp. 12-14.)  He asserts that the Cuyahoga County Court of Common Pleas lacked subject matter jurisdiction because the bindover proceedings from the juvenile court to the common pleas court were improper and contrary to the requirements of R.C. § 2151.26.[8]  (ECF

---

[8] Specifically, he argues the bindover proceedings were not proper because: the juvenile court granted a motion to transfer proceedings from the juvenile court to the common pleas court "arbitrarily and capriciously," without a hearing, without counsel or petitioner present, and without a statement of reasons (ECF Doc. 23, pp. 9, 12-14); the journal entry for his probable cause hearing does not specify the acts for which probable cause was found, although the records do reflect that probable cause was found (*id*. at p. 13); and his trial counsel waived mental and physical examinations that were statutorily required and not waivable under Ohio law when he was bound over (*id*. at p. 9).

Doc. 23, pp. 9, 12-14.)  Respondent argues that Ground One was procedurally defaulted because Mr. Smith did not fairly present the ineffective assistance of trial counsel claim from Ground One in the state courts.  (ECF Doc. 19, pp. 31-33; ECF Doc. 19-1, pp. 13-22.)

It is evident that Mr. Smith did not present the claim articulated in Ground One in a direct appeal of his 1988 sentence, since he did not file a direct appeal.  Although he later sought leave to pursue a delayed appeal in 1999 (ECF Doc. 19-1, pp. 15-17), the motion was denied (*id.* at p. 22) and Mr. Smith did not appeal that denial to the Supreme Court of Ohio.  While Mr. Smith's failure to raise the claim from Ground One in his direct appeal is sufficient to support procedural default, the undersigned observes that Mr. Smith also did not present the claim in Ground One in his motion for leave to file a delayed appeal (*id.*) or any of the subsequent motions he filed in the trial court to challenge his plea and/or sentence, including his July 2013 motion to void his sentence (*id.* at pp. 23-26, 31-34), his November 2013 motion to void judgment (*id.* at pp. 79-84), his 2015 motion to withdraw his guilty plea (*id.* at pp. 204-13), or his 2018 motion to void his sentence (*id.* at pp. 557-65, 851).[9]  He also did not raise the claim in his 2017 application to reopen his appeal of the denial of his motion to withdraw his guilty plea.  (*Id.* at pp. 486-87.)  Thus, in the proceedings following his 1988 sentencing, Mr. Smith procedurally defaulted the claim in Ground One because he "fail[ed] to raise [the] claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"[10]  *See Williams*, 460 F.3d at 806.

---

[9] This motion was denied by the trial court (ECF Doc. 19-1, pp. 574-75, 851), but was granted by the court of appeals on the basis that the trial court exceeded its authority when it imposed a sentence that did not comport with the applicable statutory language, making the sentence void, and remanded the matter for resentencing (*id.* at pp. 614-27), and the Supreme Court of Ohio declined jurisdiction of the State's appeal (*id.* at p. 657).

[10] Mr. Smith did assert that trial counsel was ineffective in overseeing the juvenile bind-over hearing in support of his appeals on the July and November 2013 motions (ECF Doc. 19-1, pp. 61, 65-66, 111-12), and asserted in support of his Supreme Court of Ohio briefing for the November 2013 motion that trial counsel was ineffective for failing to raise the minority of the defendant as a bar to subject matter jurisdiction (id. at pp. 160,165-66).  But this does not change the procedural default analysis.  Even if the claims could be raised for the first time in a motion rather than a direct appeal, and even if this Court found the claim for ineffective assistance of trial counsel in Ground One was articulated in filings before the court of appeals and/or the Supreme Court of Ohio, the claim was not asserted in the

The analysis does not change when Mr. Smith's 2019 resentencing is considered.  Even assuming that the ineffective assistance of trial counsel claim in Ground One could properly be raised on a direct appeal of the 2019 resentencing, despite not being raised on a direct appeal of the original sentencing, the record shows that Mr. Smith still did not fairly present the ineffective assistance of trial counsel claim from Ground One, let alone pursue that claim through the state's ordinary appellate review process.  The only assignment of error he asserted in his appeal of the 2019 resentencing was that the trial court erred in denying his pre-sentence motion to withdraw his guilty plea.  (ECF Doc. 19-1, pp. 728, 733-36.)  While his failure to raise the claim in that direct appeal alone would be sufficient for procedural default, Mr. Smith also did not present the ineffective assistance of trial counsel claim from Ground One in the other motions he filed in the trial court to challenge his plea or sentence, including his 2019 motion to withdraw his guilty plea (*id.* at pp. 707-10, 954, 956-57) and his 2019 motion for arrest of judgment (*id.* at pp. 712-14).  He also did not fairly present the claim in motions he filed in the court of appeals, including his 2019 pro se motion to remove appointed counsel for failure to brief errors and to have effective counsel appointed (*id.* at pp. 754-77) and his 2020 motion to reopen his appeal relating to the denial of his 2019 motion to withdraw his guilty plea (*id.* at pp. 787-93).  Accordingly, in the proceedings following his 2019 resentencing, Mr. Smith again procedurally defaulted the claim in Ground One because he "fail[ed] to raise [the] claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"

---

trial court and therefore was not raised at every level of review.  *See Baston*, 282 F.Supp.2d at 661 ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.")  Mr. Smith also did not seek review by the Supreme Court of Ohio regarding his appeal on the July 2013 motion.  Further, the appeals in which he raised the relevant ineffective assistance arguments were dismissed on procedural grounds, making procedural default additionally applicable under the *Maupin* standard.  *See* 785 F.2d 135, 138.

Petitioner contends that he argued the subject matter jurisdiction issue before the state courts at various stages of the state court proceedings.  (ECF Doc. 23, p. 14 (citing ECF Doc. 19-1, pp. 757, 795, 957; ECF Doc. 21-3).)  But his argument is irrelevant to this procedural default analysis because the claim in Ground One alleges ineffective assistance of trial counsel, not lack of subject matter jurisdiction.  (ECF Doc. 13, p. 1.)  Thus, for the reasons set forth above, Ground One is subject to dismissal based on procedural default unless Mr. Smith can establish (1) cause and prejudice to excuse the procedural default or (2) that a fundamental miscarriage of justice will occur if the claim is not considered.  *See Coleman*, 501 U.S. at 750.

To establish "cause" to excuse a procedural default, a petitioner must point to "something external . . . that cannot fairly be attributed to him" and "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488).  "Attorney error that constitutes ineffective assistance of counsel" may show "cause" to overcome default.  *Id*. at 754.  But "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  *Murray*, 477 U.S. at 488-89.

Mr. Smith does not argue that cause and prejudice support excusing the procedural default of Ground One, but he does assert in Ground Three that his appellate counsel erred by, among other things, "failing to challenge the effectiveness of trial counsel from 1988 . . . by allowing a plea to be entered pursuant to Criminal Rule 11(c) for a sentence not provided for by law[.]"  (ECF Doc. 19-1, p. 762 (emphasis removed), referenced in ECF Doc. 13, p. 1.)  He had raised this alleged error in his 2019 motion to remove appointed appellate counsel (ECF Doc. 19-1, p. 762), a motion that was denied by the court of appeals (*id*. at p. 778) and which Mr. Smith

did not address at every stage of state appellate review.  Further, the claim was not raised via an

Ohio App. R. 26(B) application, which is the sole vehicle to bring an ineffective assistance of

appellate counsel claim under Ohio law.  *See Landrum v. Mitchell*, 625 F.3d 905, 916 (6th Cir.

2010).  For these reasons, and the reasons discussed in further detail in Section III.D., *infra*, Mr.

Smith's claim for ineffective assistance of appellate counsel cannot support a finding of "cause"

to excuse the procedural default of Ground One because that claim was itself procedurally

defaulted.  *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Landrum,* 625 F.3d at 916.  Mr.

Smith has thus failed to support excusing the procedural default of Ground One based on cause

and prejudice.[11]

The Court may also excuse the procedural default of Ground One if Mr. Smith shows that

a failure to consider that claim will result in a fundamental miscarriage of justice.  *Coleman*, 501

U.S. at 750.  "A fundamental miscarriage of justice results from the conviction of one who is

'actually innocent.'"  *Lundgren*, 440 F.3d at 764 (quoting *Murray*, 477 U.S. at 496).  For a claim

of actual innocence to be credible in this context, a petitioner must "support his allegations of

constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  He must further "show that it is more likely than not

that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.

This standard is intended to permit petitioners with "truly extraordinary" cases a "meaningful

avenue by which to avoid a manifest injustice."  *Id.* (internal quotations omitted).  Importantly,

"'actual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United

States*, 523 U.S. 614, 623 (1998).

---

[11] Since Mr. Smith failed to show cause, the Court need not consider "prejudice."  *See Engle*, 456 U.S. at 134, n. 43.

Mr. Smith also has not argued that his procedural default should be excused based on "actual innocence," and certainly has not pointed to new reliable evidence that was not presented at trial to support such an argument.  Indeed, there was no trial because Mr. Smith pled guilty. Based on the record, the undersigned concludes that Mr. Smith has not shown that a fundamental miscarriage of justice would occur if the claims underlying Ground One were not considered. *Lundgren*, 440 F.3d at 764 (quoting *Murray*, 477 U.S. at 496).

Although he does not argue that his procedural default of Ground One should be excused based on findings of cause and prejudice or a fundamental miscarriage of justice, Mr. Smith does argue that Ground One cannot be procedurally defaulted because a claim for lack of subject matter jurisdiction can be raised at any time.  (ECF Doc. 23, pp. 11, 14.)  This argument must fail for numerous reasons.  First, Ground One does not assert a claim for a lack of subject matter jurisdiction, but rather a claim that his trial counsel was ineffective in advising him to plead guilty despite a lack of subject matter jurisdiction.  (ECF Doc. 13, p. 1.)  Second, as another court in this district recently held, even a claim that asserts a lack of subject matter jurisdiction must be fairly presented to the state courts before it may be addressed on federal habeas review. *See Dew v. Kelly*, No. 4:11CV2486, 2019 WL 2304678, at *44 (N.D. Ohio May 30, 2019) (rejecting argument that a petitioner had cause to excuse the procedural default of his claim alleging a lack of subject matter jurisdiction because subject matter jurisdiction could be raised at any time, finding such a claim must still be fairly presented to be addressed on federal habeas review).  As the Sixth Circuit has explained, "[t]here is no exception under the Anti-Terrorism and Effective Death Penalty Act for subject matter jurisdiction claims." *Briscoe v. Eppinger*, No. 18-3041, 2018 WL 3390141, at *2 (6th Cir. May 31, 2018) (citations and internal brackets

33

omitted) (finding that a petitioner's subject matter jurisdiction challenge to his conviction did not exempt him from the AEDPA statute of limitations).

For the reasons set forth above, the undersigned concludes that Ground One was procedurally defaulted and that Mr. Smith has not met his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the default. Accordingly, the undersigned recommends that the Court **DISMISS** Ground One with prejudice based on procedural default.

## D.    Grounds Two and Three are Procedurally Defaulted

Mr. Smith argues in Grounds Two and Three that the appellate counsel who represented him in his appeal of the 2019 resentencing was ineffective for: (1) not briefing the "'arrest of judgment' that was timely filed in the trial court by Petitioner alleging the trial court's lack of subject matter jurisdiction" in his direct appeal; and (2) not raising other alleged errors requested by petitioner in that direct appeal. (ECF Doc. 13, p. 1.) The errors that appellate counsel allegedly failed to raise on direct appeal included: the trial court lacked jurisdiction to resentence petitioner; reasonable expectation in finality when the maximum-minimum has crystalized; failure to challenge the effectiveness of trial counsel from 1988 and sentencing counsel from 2019; and failure to respond to the brief of the prosecutor. (ECF Doc. 19-1, pp. 757, 758, 762.)

Respondent argues that Mr. Smith's claims of ineffective assistance of appellate counsel are procedurally defaulted because he failed to fairly present the claims in state court at the first available opportunity, because his later Ohio App. R. 26(B) application was untimely, and because Mr. Smith failed to timely appeal the court's denial of the App. R. 26(B) motion to the Supreme Court of Ohio. (ECF Doc. 19, pp. 33-34.) The undersigned agrees.

A defendant claiming ineffective assistance of appellate counsel must apply to the Ohio Court of Appeals to reopen his direct appeal under Ohio App. R. 26(B). *Landrum*, 625 F.3d at

916.  Here, Mr. Smith did not file a direct appeal from his 1988 sentencing and—consistent with

that fact—also did not file an App. R. 26(B) application in connection with his 1988 sentencing.

Over 30 years later, on October 14, 2020, Mr. Smith filed an App. R. 26(B) application

arguing that he received ineffective assistance of appellate counsel in the direct appeal from his

2019 resentencing.  (ECF Doc. 19-1, pp. 787-96.)  In particular, he alleged that: (1) sentencing

counsel failed to verify on the record that the successor judge was familiar enough with the facts

to pronounce sentence and failed to seek disqualification of the successor judge; (2) appellate

counsel failed to assign error for that failure to seek disqualification of the successor judge; (3)

appellate counsel failed to brief a challenge to subject matter jurisdiction; and (4) appellate

counsel failed to raise certain other challenges relating to Mr. Smith's resentencing.  (*Id.* at pp.

788-91.)  The court of appeals denied the application, finding App. R. 26(B) applied "only to the

direct appeal of a criminal conviction" and "not to subsequent postconviction proceedings,

including resentencing[.]"[12]  (*Id*. at pp. 805-07.)

Although Mr. Smith evidently attempted to seek review of this decision by the Supreme

Court of Ohio (*see* ECF Docs. 21-2, 21-3, 21-4), that appeal was untimely and not accepted for

filing.  Under the Rules of Practice for the Supreme Court of Ohio, the notice of appeal was due

within 45 days of the court of appeals decision, i.e., by March 12, 2021, *see* S. Ct. Prac. R.

7.01(A)(1)(a)(i), but the notice of appeal that was provided to this Court was marked received

five days later, on March 17, 2021 (ECF Docs. 21-2, 21-3, 21-4).  The Clerk of the Supreme

---

[12] The court of appeals also concluded that Mr. Smith "failed to demonstrate that there exist[ed] a reasonable probability that, were it not for appellate counsel's alleged errors on appeal, the results of the appeal would have been different" and found "no error with regard to [Mr.] Smith's four proposed assignments of error," explaining: "In fact, [Mr.] Smith fails to demonstrate any prejudice through his four proposed assignments of error and that the outcome of his direct appeal would have been different."  (ECF Doc. 19-1, p. 807.)

35

Court of Ohio must refuse to file a notice of appeal that is received after the time for filing has passed, *see* S. Ct. Prac. R. 7.01(A)(1)(b), and that is evidently what happened in this case.[13]

Thus, even assuming all of the ineffective assistance claims alleged in Grounds Two and Three were asserted in Mr. Smith's App. R. 26(B) application, those claims were procedurally defaulted because he did not properly raise and present the claims at each and every level of state court review—i.e., he did not fairly present the claims to the Supreme Court of Ohio.  *See Williams*, 460 F.3d at 806; *see also Baston*, 282 F. Supp. 2d at 661 ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").

The undersigned further observes that the claims are also subject to procedural default under the *Maupin* standard, since the state court found Mr. Smith could not "apply for reopening of the appeal from the judgment of conviction and sentence" under App. R. 26(B) because "the appellate judgment subject to the App.R. 26(B) application for reopening [i.e., the 2019 resentencing] was not concerned with [Mr.] Smith's conviction for the offense of aggravated murder," but dealt instead with "resentencing and the denial of a motion to withdraw the plea of guilty entered by Smith."  (ECF Doc. 19-1, p. 806 (quoting Ohio App. R. 26(B), emphasis removed).)  The state court thus enforced a state procedural rule holding that "App.R. 26(B) applies only to the direct appeal of a criminal conviction" and not "subsequent postconviction proceedings, including resentencing[.]"  (*Id.* (citing cases).)  That procedural rule was "independent of the federal question and adequate to support the judgment."  *Walker v. Martin*, 562 U.S. 307, 315 (2011); *see also Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007) (finding denial of App. R. 26(B) application for failure to timely file the application was an adequate and

---

[13] Notably, S. Ct. Prac. R. 7.01 also provides that "[t]he Clerk shall refuse to file motions for delayed appeal involving postconviction relief or App.R. 26(B)."  *See* S. Ct. Prac. R. 7.01(A)(4)(c).

independent ground for denying habeas relief). Accordingly, the first three prongs of the *Maupin* analysis were met.

Thus, for the reasons set forth above, Grounds Two and Three are subject to dismissal based on procedural default unless Mr. Smith can establish cause and prejudice to excuse the procedural default or that a fundamental miscarriage of justice would occur if the claim is not considered. *See Coleman*, 501 U.S. at 750.

Petitioner's argument that he "attempted to fairly present his claim of the trial court's lack of subject matter jurisdiction prior to sentencing on June 13, 2019" (ECF Doc. 23, p. 14) is irrelevant to the procedural default analysis and does not establish "cause" to excuse the default since the claims asserted in Grounds Two and Three—as with Ground One—allege ineffective assistance of counsel, rather than stating a claim for relief directly based on the alleged lack of subject matter jurisdiction (ECF Doc. 13, p. 1).

His further argument that "actions of appointed counsel's and court blocks . . . unlawfully prevented [him] from" exhausting his remedies in state court (ECF Doc. 23, p. 16) also fails to show cause sufficient to overcome the procedural bar. To the extent Mr. Smith is arguing that ineffective assistance of counsel impaired his filing of the App. R. 26(B) motion or related appeal to the Supreme Court of Ohio, that claim must fail because there is no right to counsel for collateral or post-conviction proceedings. *See Coleman*, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings.") (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987) and *Murray v. Giarratano*, 492 U.S. 1 (1989)); *see also id.* (explaining that "a petitioner cannot claim constitutionally ineffective assistance of counsel" occurred in a proceeding where there is no constitutional right to counsel). Indeed, Mr. Smith represented himself in the relevant post-conviction filings and cannot assert that his own error

37

amounted to "''something external . . . that cannot fairly be attributed to him'' in order to show cause to excuse his procedural default. *Coleman*, 501 U.S. at 753. Mr. Smith has thus failed to support excusing the procedural default of Grounds Two and Three based on a showing of cause and prejudice. Further, for the reasons explained in Section III.C., *supra*, the undersigned also concludes that Mr. Smith cannot excuse his procedural default of Grounds Two and Three based on a showing of "actual innocence."

For the reasons set forth above, the undersigned concludes that Grounds Two and Three were procedurally defaulted and that Mr. Smith has not met his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the defaults. Accordingly, the undersigned recommends that the Court **DISMISS** Grounds Two and Three with prejudice based on procedural default.[14]

### E.      Ground Four is Not Cognizable

In Ground Four, Mr. Smith argues that he was subjected to double jeopardy when the Eighth District Court of Appeals affirmed the denial of his 2019 motion to withdraw his guilty plea based on a finding that his claim was barred by res judicata because it should have been raised in his 2015 motion to withdraw his guilty plea. (ECF Doc. 13, p. 2; ECF Doc. 23, pp. 16-17.) In support, he argues that all prior rulings, including the state court's ruling on his 2015 motion to withdraw his guilty plea, should have been vacated when the Eighth District Court of Appeals vacated his 1988 sentence. (*Id.*) Had that occurred, he contends that his 2019 motion to withdraw his guilty plea would not have been barred by res judicata. (*Id.*)

---

[14] Respondent also argues that the determination by the Eighth District Court of Appeals that Mr. Smith's App. R. 26(B) application failed on the merits is entitled to deference and Mr. Smith's claims of ineffective assistance of counsel should be denied on the merits. (ECF Doc. 19, pp. 40-43.) Because the claims in Grounds One through Three are procedurally defaulted, it is not necessary to reach the merits of those claims.

Respondent argues that Ground Four is not cognizable on federal habeas review because it addresses a matter of state law relating to the state court's application of the doctrine of res judicata, and does not truly raise a federal constitutional challenge under the double jeopardy clause since Mr. Smith does not argue or show that he was subjected to multiple punishments.[15] (ECF Doc. 19, pp. 25-26.)

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citing 28 U.S.C. § 2241); s*ee also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle*, 456 U.S. at 121 n.21 ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (internal citation omitted)).

"The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Volpe v. Trim*, 708 F.3d 688, 695-96 (6th Cir. 2013), *as amended on denial of reh'g* (Jan. 31, 2013) (quoting U.S. Const. amend. V) (citing *Benton v. Maryland,* 395 U.S. 784, 794 (1969)). "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Id.* at p. 696 (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).

Here, although Mr. Smith uses the phrase "Double Jeopardy" to describe his claim in Ground Four (ECF Doc. 13, p. 2), he does not explain how his circumstances show a violation of

---

[15] Alternately, Respondent argues that Ground Four is procedurally defaulted because he did not raise his double jeopardy claim in his direct appeal from his resentencing and raised it for the first time in his appeal from the court of appeals's decision affirming the denial of his motion to withdraw guilty plea.  (ECF Doc. 19, pp. 35-36.)

the Double Jeopardy Clause of the Fifth Amendment. There has been no "second prosecution for the same offense after acquittal" or "conviction," nor has Mr. Smith shown that he was subjected to "multiple punishments for the same offense." *Volpe*, 708 F.3d at 696. Mr. Smith was prosecuted once for the underlying offense and pled guilty. And although his sentence was vacated so that he could be resentenced in a manner that was compliant with Ohio statutory law, there was neither a "second prosecution" nor were "multiple punishments" imposed.

These circumstances, as alleged in Ground Four and reflected in the state court records, do not support a cognizable claim under the Double Jeopardy Clause of the Fifth Amendment. *See generally Hall v. Warren*, No. 12-1225, 2012 WL 13229165, at *2 (6th Cir. July 10, 2012) (finding a habeas claim under the Double Jeopardy Clause, which "protects individuals from second prosecutions for the same offense after acquittal, second prosecutions for the same offense after conviction, and multiple punishments for the same offense," was not cognizable when the petitioner "was not acquitted and retried, but was instead merely resentenced"); *see also Berry v. Mays*, No. 3:17-CV-01033, 2019 WL 2638007, at *11 (M.D. Tenn. June 26, 2019) (finding Double Jeopardy concerns were not implicated where a prior capital sentence was vacated for purposes of resentencing, where the defendant had not been acquitted).

Instead, the language used by Mr. Smith in Ground Four clearly reflects that he is challenging the state court's application of the doctrine of res judicata, specifically its finding that a 2015 ruling on his motion to withdraw his guilty plea retained its preclusive effect despite a later decision vacating his sentence and remanding the case for resentencing. (ECF Doc. 13, p. 2.) This challenge to "the state courts' invocation of res judicata" does not state a cognizable claim for relief "because errors in post-conviction proceedings are outside the scope of federal

habeas corpus review." *Wells v. Warden, Belmont Corr. Inst.*, No. 18-3125, 2018 WL 3869276, at *2 (6th Cir. Apr. 30, 2018) (citing *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007)).

For the reasons set forth above, the undersigned concludes that Ground Four is not cognizable on federal habeas review.   Accordingly, the undersigned recommends that the Court **DISMISS** Ground Four with prejudice as not cognizable on federal habeas review.[16]

### IV. Recommendation

For the reasons set forth above, the undersigned recommends that the Court **DISMISS** Grounds One, Two and Three of the Amended Petition as procedurally defaulted and **DISMISS** Ground Four of the Amended Petition as not cognizable on federal habeas review.

December 16, 2025

/s/ Amanda M. Knapp
_____
Amanda M. Knapp
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[16] Because the undersigned concludes that Mr. Smith's grounds for relief are procedurally defaulted and/or not cognizable on federal habeas review, Respondent's alternate arguments for dismissal or denial of Mr. Smith's Amended Petition are not addressed herein, including Respondent's assertion that Grounds One through Three are barred by the statute of limitations. *See Moss v. Miniard*, 62 F.4th 1002, 1010 (6th Cir. 2023), cert. denied, 144 S. Ct. 1004 (2024) (noting that "the statute of limitations does not present a jurisdictional bar to habeas review" and proceeding to dismiss the petition based on procedural default without deciding whether it was timely).