UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD A. SMITH, | ) | Case No. 1:22-cv-7 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Amanda M. Knapp |
| LEON HILL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 43) in this habeas action. The Magistrate Judge recommends that the Court dismiss the petition for a writ of habeas corpus, which would have the effect of denying relief.

In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (*Id*., PageID #1262–85.) In short, Mr. Smith pleaded guilty to aggravated murder in 1988 after being bound over from juvenile court. (*Id*., PageID #1261.) He was sentenced to 20 years to life in prison. (*Id*.) After a successful appeal challenging his 1988 sentence, Mr. Smith was resentenced in 2019 to life in prison with parole eligibility after 20 years. (*Id*.) Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id*., PageID #1289.)

Petitioner asserts four grounds for relief. (ECF No. 17, PageID #100.) With respect to ground one, the Magistrate Judge recommends that the Court dismiss the claim as procedurally defaulted because Mr. Smith failed fairly to present the claim of ineffective assistance of trial counsel, "let alone pursue that claim through the State's ordinary appellate review process," and because Mr. Smith did not meet his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the default. (ECF No. 43, PageID #1288–94.) With respect to grounds two and three, the Magistrate Judge recommends that the Court dismiss the claims as procedurally defaulted because Mr. Smith failed properly to raise and present his claims of ineffective assistance of counsel related to his 2019 resentencing at each level of State court review, including not timely seeking review by the Supreme Court of Ohio, and because Mr. Smith did not meet his burden to show cause and prejudice or a fundamental miscarriage of justice to excuse the defaults. (*Id.*, PageID #1294–98.) With respect to ground four, the Magistrate Judge recommends that the Court deny the claim of double jeopardy as non-cognizable because it concerns the State court's application of the doctrine of res judicata and does not support a cognizable claim under the Double Jeopardy Clause of the Fifth Amendment. (*Id.*, PageID #1298–1301.)

The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #1301.) The Report and Recommendation was filed on the docket on December 16, 2025 (ECF No. 43) and

2

mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation.

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different from forfeiture." *United States v. Olano*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless "be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

3

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 43) and **DISMISSES** the action **WITH PREJUDICE**.

    **SO ORDERED**.

Dated: January 27, 2026

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio